———o———

No. 6035.

## EDGAR LANDRY, ET AL. vs. MICHEL POIRIER, ET AL.

Syllabus.

1. The sale of "a plantation" consisting of certain tracts of land and "a portion" containing so many acres out of a

— 194 —

tract of greater extent, purports to be a deed translative of the property to a definite body of land having a physical identity of its own, and entitles the purchaser to have the limits of said lands fixed.

2. The Civil Law has never favored the doctrine *"caveat emptor"* and its consequences, but declares that any ambiguity in the sale shall be construed "against the vendor."

Appeal from the 27th Judicial District Court, Parish of St. James, No. 2813, Hon. Charles T. Wortham, Judge.

Guion, Lambremont & Hebert, for plaintiffs and appellants.

Foster, Milling, Brian & Saal, for defendants and appellees.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

After careful consideration we do not think that plaintiffs herein should be dismissed without a hearing on the merits.

Their petition alleges that plaintiff's ancestor purchased of defendant's ancestor "a certain sugar plantation described as follows:"

1. A tract of land established as a sugar plantation, etc.

2. A portion of land situated in the rear of the above plantation, etc.

3. A portion of land situated in Section 49, Township 12, Range 15 East, containing 123 acres.

That "it was plainly the intention of the parties * * * to dispose of one continuous and contiguous tract of land."

That (in effect) the 123 acres last mentioned lie in the east part of the north half of said Section 49.

That defendants, the heirs of the vendor, own all the rest of the lands in the north half of said Section 49.

That the boundary line between the said 123 acres and the rest of the north half of said Section 49 has never been fixed.

And they pray that said boundary be surveyed and laid out.

If these allegations be true and can be supported by the proper evidence, they show in our opinion a deed translative of the property to a definite body of land having a physical identity of its own, and of which the 123 acres last mentioned once formed an integral part.

If the limits of this physical tract of land have never been established or have been obliterated by time plaintiffs are entitled to have said limits defined, or restored, if it can be done. And there is evidence in the record, offered by defendants themselves, which may perhaps show that this not only can but actually has been done at one time, at least partially (see Sheriff's deed).

What other effect such evidence may have, we do not now consider, that being a matter concerning the merits of the case.

Moreover we think this disposition of the case more in accord with the equitable spirit of the civil law, which has never favored the doctrine "caveat emptor" and its consequences, but declares that any ambiguity in the sale shall be construed "against the vendor." **(C. C., 2474.)**

It is therefore, ordered that the judgment appealed from be reversed and set aside, and the cause remanded for further proceedings according to law.

— 106 —

By his Honor, Emile Godchaux:

I concur in the decree. Whatever may be the name given to this action, it is simply one instituted for the purpose of identifying and locating the 123 acres of land which plaintiff's ancestor purchased and was entitled to receive and which defendant's ancestor sold and was bound to deliver. The pleading is sufficiently broad to sustain a cause of action on this ground.

Reversed and remanded.

Opinion and decree, March 23rd, 1914.

Rehearing refused, April 20th, 1914.

Writ granted, June 9th, 1914 [135 La., 731].